**2** In the Matter of GEN E. MURRELL.—Order unanimously reversed, without costs, and petition dismissed in accordance with the following

memorandum: This proceeding under section 384-b of the Social Services Law terminated respondent Marilyn Murrell's interest in her child, Gen Ellen, freeing her to be placed for adoption. The petitioner, Wayne County Department of Social Services, was required to and did prove that the natural mother had not visited or communicated with her infant for the six months immediately preceding the filing of this petition on March 23, 1979. In fact, this was conceded. However, petitioner failed to prove, as was required, that such was not brought about by the mother being "discouraged from doing so by the agency" (Social Services Law, § 384-b, subd 5, par [a]). The evidence before the trial court reveals that the mother regularly availed herself of her rights of visitation, circumscribed as they were to a two-hour period per week, until April 22, 1978. On that occasion, because of an accident, the infant was not returned to the foster family until the following day. The foster mother threatened respondent and told her not to visit or she would have her arrested. Such conversation was given emphasis at the time by the arrival of a police car. Respondent testified that she was frightened. Her attempts to obtain visitation the following month over the May weekend of the infant's birthday were rejected by petitioner. The mother's testimony indicated that she could not contact the foster family because they had an unlisted telephone whose number was not given to her. She also stated that she did not get along very well with the caseworker who supervised the infant because the caseworker wanted her child to be placed for adoption with the foster family. This is not denied and is in fact substantiated by the evidence in the record. We think the proof affirmatively establishes that the petitioner department by their actions effectively discouraged respondent from exercising her visitation rights during the six-month period. We find additional support for this conclusion by the position of the Law Guardian appointed to represent Gen Ellen who furnished the court with a written report and adopted respondent's brief on this appeal. In view of that proof, the determination which terminated the mother's rights cannot stand. In our view it would be in the child's best interest, as the Law Guardian recommends, that custody remain with the Wayne County Department of Social Services for a further period during which time respondent-appellant should not be discouraged by it from exercising reasonable visitation rights, after which the situation may again be evaluated. (Appeal from order of Wayne County Family Court—custody.) Present—Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Moule, JJ.